ENTERED: April 25, 2013.

/s/ John D. Minton, Jr.

**KENTUCKY BAR ASSOCIATION, Movant**

v.

**William NISBET, IV, Respondent.**

No. 2013–SC–000047–KB.

Supreme Court of Kentucky.

April 25, 2013.

---

1. Nisbet was admitted to practice law in the Commonwealth in October 2001. His KBA number is 89006; and his bar roster address is One North Main Street, Madisonville, Kentucky 42431.

## OPINION AND ORDER

This case involves two charges issued by the Inquiry Commission against William A. Nisbet, IV.[1] In May 2012, the Commission issued a two-count charge (KBA File No. 19734) against Nisbet for violating Kentucky Supreme Court Rules (SCR) 3.130–1.5(f) and 3.130–1.16(d). In June 2012, the Commission issued a second two-count charge (KBA File No. 19673) against Nisbet for violating SCR 3.130–8.4(b) and 3.130–8.1(b).

Nisbet's case is now before us on the Findings of Fact, Conclusions of Law, and Recommendations of the Kentucky Bar Association's Board of Governors. The Board found Nisbet not guilty of the counts charged in KBA File No. 19734 and guilty of both counts charged in KBA File No. 19673. The Board recommends Nisbet's suspension from the practice of law for one year, retroactive to the date of his emergency suspension, which became effective November 29, 2011.

Neither Nisbet nor the KBA has appealed the Board's decision, and we opt not to review it. Accordingly, we adopt the decision of the Board relating to all matters under SCR 3.370(9).[2]

---

2. SCR 3.370(9) states that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

## I. KBA FILE NO. 19734.

In April 2011, James and Renee Ferrantino signed a client security fund claims application with the KBA, claiming dishonest or fraudulent conduct by Nisbet. In their complaint, the Ferrantinos stated they hired Nisbet in August 2010 to file a bankruptcy petition on their behalf. The Ferrantinos paid Nisbet $500 and, approximately six months later, paid him $800. After the final payment, Nisbet began the paperwork; and the Ferrantinos attended the required class in Nisbet's office. The appointment when the Ferrantinos were to sign the documents was canceled and rescheduled for two weeks later. But the day before the next appointment, they were told that additional time was needed. On March 17, 2011, the Ferrantinos called Nisbet's office and were told the petition was not complete. They called Nisbet's office again on March 30, 2011, and were told the petition was almost done and that the office would contact the Ferrantinos on April 4, 2011, to sign the petition.

Nisbet was arrested on April 2, 2011, on charges of trafficking in cocaine. When the Ferrantinos tried to contact Nisbet's office on April 4 and 5, 2011, no one answered; and the message on the answering machine had been changed to a nonbusiness message.

Nisbet's response to the Ferrantinos' complaint asserted that the Ferrantinos, who had recently moved from California, initially contacted him in August 2010. Nisbet informed them of the 180–day residency requirement, and they wanted to move forward with bankruptcy petition. Nisbet acknowledged that he collected a total fee of $1,299. Nisbet explained bankruptcy to the Ferrantinos and gave them a sheet outlining the detailed documentation that his office needed. Nisbet also informed the Ferrantinos that he would not refund the payment once he began work on the petition. Nisbet's policy of not refunding fees was printed on the sheet given to the Ferrantinos, attached to Nisbet's response.

Nisbet asserted that the Ferrantinos attended two office appointments in February, including a long interview and a pre-filing class. Nisbet informed the Ferrantinos that they needed to submit additional documents, and the petition would take some time to complete after the submission. Nisbet received the documents gradually; and, on March 3, 2011, Nisbet received the final tax return.

Nisbet stated in his response that he completed the bankruptcy petition on March 25, 2011. The petition shows that it was printed on April 5, 2011. Nisbet asserted that the Ferrantinos were scheduled to sign the petition on April 4 or 5, 2011. After Nisbet was charged with trafficking cocaine on April 3, 2011, the Ferrantinos contacted his office and were informed that the work was already complete and that arrangements had been made for another local attorney to appear at the bankruptcy hearing with them. Nisbet claims that the Ferrantinos did not request a refund and that they informed his office that they would pick up the petition on April 13. The bar complaint was signed on April 7; and the Ferrantinos picked up their documentation on April 18, 2011. The Ferrantinos told Nisbet's office staff that they did not wish to file the petition.

Nisbet asserted that the bankruptcy petition was 53 pages, which required multiple interviews, help with the pre-filing class, collecting documentation, multiple phone calls, and time that would far exceed the price paid. But Nisbet did not attach any time documentation to his response. Nisbet claimed that the work on the bankruptcy petition was complete and that he may have given the Ferrantinos a refund if

they had requested it, considering the circumstances. But the Ferrantinos did not request such a refund.

In December 2011, a legal aid attorney filed the bankruptcy petition prepared by Nisbet. The attorney did not charge the Ferrantinos a fee. The bankruptcy trustee did not file a motion alleging that Nisbet's fee was unearned but filed a motion asking the bankruptcy court to inquire as to the $1,300 fee. The bankruptcy record shows no indication that a copy of the motion was served on Nisbet. Receiving no response, the bankruptcy court entered an order that Nisbet's fee should be paid to the trustee. The trustee's motion shows that it was sent to a known address for Nisbet in Princeton, Kentucky; to Nisbet's office; and to Nisbet's father. But the court record does not show that Nisbet ever received the order of the bankruptcy judge to return the fee. Bar counsel was not able to get in touch with the trustee to see if Nisbet had returned the money.

The charge alleges that Nisbet violated (1) SCR 3.130–1.5(f) [3] by not having a non-refundable retainer fee agreement in a writing signed by the Ferrantinos containing the dollar amount of the retainer, its application to the scope of the representation, and the timeframe in which the agreement will exist; and (2) SCR 3.130–1.16(d),[4] by failing to refund to the Ferrantinos the part of the $1,300 fee that constituted the filing fee and any unearned fee because Nisbet did not file the clients'

bankruptcy petition for them. Nisbet failed to file an answer to the charge.

The Board of Governors found Nisbet not guilty of count 1 in KBA File No. 19734 by a vote of 16–3. The Board also found Nisbet not guilty of count 2 of the same file by a vote of 19–0.

## II. KBA FILE NO. 19673.

Nisbet was arrested in April 2012 and charged with trafficking in a controlled substance. He had two prior DUIs, one in July 2009 and a second in March 2011. Nisbet was released on bond and filed a certificate of enrollment in a counseling program. He pleaded guilty to the most recent DUI and was sentenced to seven days in jail.

In November 2011, Nisbet pleaded guilty to first-degree trafficking in a controlled substance—cocaine, less than 4 grams, which is a class D felony. Nisbet's guilty plea led to his automatic suspension from the practice of law. Nisbet was sentenced to two years' imprisonment and was taken into custody. Nisbet candidly admitted his involvement in a criminal activity and admitted that he was addicted to alcohol and drugs. The Commonwealth's Attorney recommended probation, and the trial judge received a letter from KYLAP that Nisbet entered into a monitoring contract in July 2011. The trial court granted shock probation in July 2012; and Nisbet's sentence was probated for five years, conditioned on continuous monitoring through KYLAP.

---

3. SCR 3.130–1.5(f) provides that "[a] fee may be designated as a non-refundable retainer. A non-refundable retainer fee agreement shall be in a writing signed by the client evidencing the client's informed consent, and shall state the dollar amount of the retainer, its application to the scope of the representation and the time frame in which the agreement will exist."

4. SCR 3.130–1.16(d) states that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

Nisbet failed to respond to the complaint filed in February 2012 and was unavailable for service of the June 2012 charge. The charge alleges that Nisbet violated (1) SCR 3.130–8.4(b),[5] by trafficking in cocaine, and (2) SCR 3.130–8.1(b),[6] by failing to respond to the complaint.

The Board of Governors found Nisbet guilty of both counts in KBA File No. 19673 by a vote of 19 to 0. The Board recommends that Nisbet be suspended from the practice of law for one year, retroactive to the date of Nisbet's emergency suspension. The Board also recommends that Nisbet register with KYLAP and agree to five years of monitoring and pay all costs associated with the proceeding.

### III. ORDER.

We adopt the decision of the Board relating to all matters, and we agree that a one-year suspension retroactive to the date of the emergency suspension and imposition of all costs associated with these proceedings is the appropriate penalty. For the foregoing reasons, the Court ORDERS:

1) William A. Nisbet, IV, KBA Member No. 89006, is guilty of violating SCR 3.130–8.1(b) and 3.130–8.4(b), as alleged in KBA File No. 19673;

2) Nisbet is not guilty of violating SCR 3.130–1.5(f) and 3.130–1.16(d), as alleged in KBA File No. 19734;

3) Nisbet is hereby suspended from the practice of law for one year, retroactive to November 29, 2011, the date of the emergency suspension, for violation of SCR 3.130–8.1(b) and 3.130–8.4(b). If Nisbet seeks reinstatement of his license, his application must be reviewed by the Character and Fitness Committee;

4) If he has not already done so, Nisbet must

a) immediately register with KYLAP and agree to five years of monitoring, to commence upon finality of this Opinion and Order;

b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify all clients, in writing, of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten days of the date of the rendition of this order. Nisbet must simultaneously provide a copy of all such letters to the Office of Bar Counsel; and

c) to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged; and

5) Under SCR 3.450, Nisbet is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $922.46, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 25, 2013.

/s/ John D. Minton, Jr.

---

5. SCR 3.130–8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects[.]"

6. The pertinent part of SCR 3.130–8.1(b) prohibits an attorney from knowingly failing "to respond to a lawful demand for information from an admissions or disciplinary authority. . . ."

Chief Justice